IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 0 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

CHARLOTTESVILLE DIVISION

EREINA LOUISE KINDRED,           )
                                 )
        Plaintiff,               )
                                 )
v.                               )     Civil Action No. 3:08CV00019
                                 )
NICHOLAS MCLEOD,                 )
UNITED CONSULTANT FIRM, LLC      )
WILLIAM MOORE, SR.,              )
MOORE INVESTMENT GROUP CORP.,    )
and CERTIFIED TITLE AND ESCROW, INC.,)
                                 )
        Defendants.              )

## COMPLAINT

### PRELIMINARY STATEMENT

1.     Ereina Louise Kindred, the Plaintiff in this action, is on the verge of losing her home of nearly forty years.  Trusting a mortgage professional to assist her in securing re-financing of her home mortgage, she became the victim of an elaborate and unlawful predatory loan scam designed to steal the equity in her home, and to trick her into signing away legal title to her most precious asset, in violation of multiple federal and state laws.  She seeks the aid of this Court in restoring title to her home, and in securing compensatory, statutory, and punitive damages for the economic and emotional harm she has suffered as a result of this scam.

### JURISDICTION AND VENUE

2.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, this action arising under the laws of the United States, and 28 U.S.C. § 1337, this action arising under laws of the United States affecting commerce.

1

3.      Supplemental jurisdiction over the state law claims asserted herein is conferred upon this Court by 28 U.S.C. § 1367(a).  The transactions and occurrences giving rise to the Plaintiff's state law claims arose out of the same common nucleus of operative facts as those giving rise to her federal law claims.  The state law claims asserted herein form part of the same case or controversy as the federal law claims.

4.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

6.      The property that is the subject of the transactions giving rise to this action is located within the jurisdiction of this Court at 10793 West River Road, Palmyra, Fluvanna County, Virginia.

7.      Plaintiff Ereina Louise Kindred is an individual residing at 10793 West River Road in Palmyra, Fluvanna County, Virginia.

8.      Defendant Nicholas McLeod is an individual who, upon information and belief, maintains his permanent residence in Fort Washington, Maryland.  At all times relevant to this action, Defendant McLeod was the owner and managing member of Defendant United Consultant Firm, LLC.  Defendant McLeod has significant contacts with the state of Virginia such that exercise of jurisdiction over him is proper; in particular, Defendant McLeod participated in the transactions involving Plaintiff's property located in Fluvanna County, Virginia, which are the subject of this action.  With respect to the transactions that gave rise to this action, Defendant McLeod acted in his personal capacity, or may be held liable for the

2

actions of Defendant United Consultant Firm, LLC based on his control of that corporation, which was used to perpetrate a fraud, crime, and/or to commit an injustice.

9.   Defendant United Consultant Firm, LLC is a Maryland Limited Liability Company that has not registered to conduct business in Virginia, but which nevertheless participated significantly in devising and coordinating the equity-stripping transaction involving the Plaintiff's property in Fluvanna County, Virginia that gave rise to this action.

10.   Defendant William Moore, Sr. is an individual residing within this judicial district. With respect to the transactions that gave rise to this action, Defendant Moore, Sr. acted in his personal capacity, or may be held liable for the actions of Defendant Moore Financial Group Corporation based on his participation in the business of that corporation, which was used to perpetrate a fraud, crime, and/or to commit an injustice.

11.   Defendant Moore Financial Group Corporation is a Virginia corporation with its principal place of business in Nellysford, Nelson County, Virginia.

12.   Detra Mosby-Moorman aka Detra Mosby aka Detra Moorman (hereinafter "Detra Mosby-Moorman") is an individual residing in Virginia and participated in the transactions associated with Plaintiff's property in Fluvanna County, Virginia which are the subject of this action. Ms. Mosby-Moorman, although an active participant in the equity-stripping transaction that is the subject of this action and liable for many of the violations of law asserted in this action, is not named as a Defendant herein at this time due to a voluntary petition for bankruptcy protection filed on March 14, 2008 in the United States District Court for the Eastern District of Virginia, Alexandria Division, Case Number 08-11296-SSM.

13.   Defendant Certified Title and Escrow, Inc. is a Virginia corporation with its principal place of business in Reston, Fairfax County, Virginia. Defendant Certified Title and

3

Escrow, Inc. was involved in the transactions associated with Plaintiff's property in Fluvanna County, Virginia that are the subject of this action.

## FACTS

14.   On or about October 19, 1995, Plaintiff inherited the real property located at 10793 West River Road in Palmyra, Fluvanna County, Virginia ("the property") from her grandparents. She had been living on the property for more than 25 years at the time she inherited it from her grandparents.

15.   In 1996 Plaintiff took out a mortgage on the property for the purpose of maintaining and repairing the property.  Plaintiff refinanced the loan on several occasions between 1996 and 2002.

16.   On August 26, 2002, Plaintiff took out a $79,000 mortgage from Orion Financial which was secured by a deed of trust on her home at 10793 West River Road, Palmyra, Virginia.

17.   On September 16, 2003 Plaintiff took out a $12,831.08 mortgage from Citi Financial which was also secured by a deed of trust on her home at 10793 West River Road, Palmyra, Virginia.

18.   In early February, 2005, Plaintiff contacted Defendant William Moore, Sr. of Defendant Moore Investment Group Corporation seeking to refinance the loans identified in paragraphs 16 and 17 in order to access additional equity from her home to pay off bills and improve her credit.

19.   Plaintiff had used Defendant Moore, Sr.'s services as a broker to refinance her home loan on at least one prior occasion when he worked for a different company.

4

20.  Defendant Moore, Sr. referred Plaintiff to Defendant Nicholas McLeod, a Maryland-based mortgage broker who owned and operated Defendant United Consultant Firm, LLC.

21.  Defendant United Consultant Firm, LLC claims that it helps customers avoid foreclosure, bankruptcy, bad credit issues, and insurmountable debt, through its "Debt Free Program," stating on its website, *inter alia*, that it has "helped many families to save their homes days before foreclosure auctions."

22.  On information and belief, following this referral from Defendant Moore, Sr., Defendant McLeod and Defendant Moore, Sr. arranged for a business associate of theirs, Detra Mosby-Moorman, to become an 'investor" in Plaintiff's home as part of Defendant McLeod's "Debt Free Program."

23.  On February 10, 2005, Defendant McLeod faxed documents labeled "Residential Contract of Sale" and "Debt Free Program" to Defendant Moore, Sr.

24.  Defendant Moore, Sr. faxed the Residential Contract of Sale and Debt Free Program documents to Plaintiff on February 10, 2005.

25.  On February 11, 2005, Plaintiff signed the Residential Contract of Sale (Plaintiff's Exhibit 1), which listed a "purchase" price of $121,000 and a closing date of February 26, 2005.

26.  The Debt Free Program recited that the transaction was not a sale but a loan transaction resulting in an equitable mortgage, whereby the "investor," Detra Mosby-Moorman, would "by way of loan" allow Plaintiff to pay off her outstanding debts, improve her credit, and retain her home (Plaintiff's Exhibit 2).

27.  The Debt Free Program defines Plaintiff as "property owner" and Detra Mosby-Moorman as "investor."

5

28.   The Debt Free Program makes clear that Plaintiff was to remain the owner of the property.

29.   Stipulation 1 of the Debt Free Program states that both Plaintiff and Detra Mosby-Moorman would be "represented on title for a period of 12 months."

30.   The Debt Free Program provides further that after the initial 12-month period, Detra Mosby-Moorman would "come off the title."

31.   The Debt Free Program also provides that after the initial 12-month period, Plaintiff would "have the right to refinance."

32.   Stipulation 2 of the Debt Free Program states that "[a]ll 12 months of mortgage payments are to be paid at closing, showing the effort of paying on time for a year.  By paying 12 months in advance the property owner will live mortgage free for a period of one year."

33.   The Debt Free Program signed by Plaintiff in February is missing material terms including, but not limited to, the identity and amount of Plaintiff's debt to be paid off with the proceeds of the transaction, the total cost of the transaction, the terms of the "right to refinance" at the end of the initial 12 month period, and the amount of the "mortgage payments" that were to be paid monthly by Plaintiff after the initial 12 months period.

34.   Stipulation 3 of the Debt Free Program signed by Plaintiff states that "All debts are to be paid off at closing, the debts are listed:

| | |
|---|---|
| Mortgage | T.B.A. |
| Total… | T.B.A. |
| Debts | T.B.A." |

35.     Stipulation 5 of the Debt Free Program states that "The Investor will obtain property insurance, otherwise known as hazard insurance.  All of property owner's possession and property will be covered under this insurance."

36.     The Debt Free Program is silent as to responsibility for real estate taxes.

37.     On April 9, 2005, Detra Mosby-Moorman took out a $109,600 mortgage financed by WMC Mortgage Corporation and secured by Plaintiff's home.

38.     On April 9, 2005, Detra Mosby-Moorman took out a $27,400 mortgage also financed by WMC Mortgage Corporation and secured by Plaintiff's home.

39.     The total amount of the mortgages taken out by Detra Mosby-Moorman and financed by WMC Mortgage Corporation was $137,000.

40.     On April 9, 2005 Defendant McLeod and an unknown man traveled to Plaintiff's home and asked her to sign a number of documents, including a deed granting fee simple interest to Detra Mosby-Moorman.

41.     Plaintiff did not know Defendant McLeod.  April 9, 2005 was the only occasion when Plaintiff and Defendant McLeod met face-to-face.

42.     Plaintiff signed each of the documents presented to her by Defendant McLeod and the unknown man.  Plaintiff was not represented by counsel.

43.     Among the multiple documents Plaintiff signed was a deed granting Detra Mosby-Moorman fee simple title in return for consideration of $137,000.

44.     Upon information and belief, in April, 2005, the fair market value of the property located at 10793 West River Road, Palmyra, Virginia, exceeded $137,000.

45.     Plaintiff requested that Defendant McLeod give her copies of each of the documents signed on April 9, 2005.

7

46.   Defendant McLeod failed to provide Plaintiff with copies of the documents either at the time of the signing or any point thereafter.

47.   Defendant Certified Title and Escrow, Inc. was the escrow agent appointed for the transaction.

48.   On May 13, 2005, Plaintiff made a phone call to Defendant Moore, Sr. seeking copies of the closing documents.

49.   Defendant Moore, Sr. informed Plaintiff during the phone call on May 13, 2005 that Defendant Certified Title and Escrow, Inc. was the escrow and closing agent and would have copies of the closing documents.

50.   Plaintiff sent Defendant Certified Title and Escrow, Inc. a letter on May 15, 2005 requesting copies of the closing documents.

51.   Despite the request, Defendant Certified Title and Escrow, Inc. failed to deliver copies of any of the closing documents to Plaintiff.

52.   Plaintiff received cash and debt relief as follows:  $11,500 in cash wired from Defendant Certified Title and Escrow, Inc. to Plaintiff's BB&T account on April 19, 2005, satisfaction of mortgages from Orion Financial Group and Citi Financial with balances of approximately $78,000.00 and $12,500.00, respectively.

53.   Plaintiff received additional consideration in the amount of $120 in payments toward certain debts, and 12 months of paid mortgage payments as per the Debt Free Program.

54.   Of the $137,000 of consideration allegedly paid by Detra Mosby-Moorman according to the Deed, Plaintiff only received approximately $109,100 of cash, debt relief, and other consideration.  Approximately $27,900 remains unaccounted for.

55.   Plaintiff never received a HUD-1 settlement statement from any of the Defendants, nor did she ever receive any other accounting for the moneys included in the $137,000 of consideration allegedly loaned her by Detra Mosby-Moorman for the property.

56.   Inconsistent with Stipulation 1, Detra Mosby-Moorman took fee simple title to the property upon closing, and Plaintiff's name was not represented on the title as provided by the contract.

57.   Inconsistent with Stipulation 1, Plaintiff was not afforded an opportunity to refinance the property and the investor did not "come off [the title to] the property."

58.   From April 9, 2005 through April 9, 2006 Plaintiff was not required to make mortgage or rental payments.

59.   Defendant Moore, Sr. suggested that Plaintiff use her extra money to make any wanted updates to the house from April 9, 2005 to April 9, 2006, even though Defendant Moore, Sr. knew or should have known that Plaintiff no longer held title to her home and improvements would only inure to the benefit of Detra Mosby-Moorman.

60.   Inconsistent with stipulation 3 of the Debt Free Program, none of the Defendants ever determined Plaintiff's total debts in addition to her outstanding mortgages.

61.   The only debts actually paid with proceeds from the subject transaction included the mortgage loans described in Paragraphs 16 and 17.

62.   Inconsistent with Stipulation 5 of the Debt Free Program, Detra Mosby-Moorman refused to pay for property insurance and Plaintiff was forced to pay for it at her own expense and without reimbursement.

63.    Consistent with her understanding that she continued to own her home, and that Detra Mosby-Moorman was, in effect, a secured lender, Plaintiff continued to pay real estate taxes to the County of Fluvanna for the property.

64.    On May 1, 2006, Detra Mosby-Moorman filed a Summons for Unlawful Detainer in Fluvanna County General District Court with a May 15, 2006 return date.

65.    Plaintiff first learned of the "rental" rate and that she was allegedly past due on "rent" when she was served with the summons for Unlawful Detainer on or around May 1, 2006.

66.    Plaintiff first met Detra Mosby-Moorman in person at the Unlawful Detainer proceeding on May 15, 2006.

67.    Plaintiff paid the $2,200 claimed by Detra Mosby-Moorman according to the Summons for Unlawful Detainer in order to remain in her home.

68.    Detra Mosby-Moorman's failure to disclose a rental rate and filing of a Summons for Unlawful Detainer constituted a blatant attempt to unjustly evict Plaintiff from her home and prevent her from refinancing to recover her home, as Plaintiff was entitled to do under the Debt Free Program.

69.    After resolving the Summons for Unlawful Detainer, Detra Mosby-Moorman required Plaintiff to pay $1,300 per month for continued occupancy of the property.

70.    Plaintiff paid $1,300 every month after the hearing date on the Summons for Unlawful Detainer out of fear of being subjected to further eviction proceedings by Detra Mosby-Moorman.

71.    Sometime in June of 2006, Detra Mosby-Moorman offered Plaintiff the opportunity to repurchase her home for $156,000, some $19,000 more than Detra Mosby-Moorman paid and

approximately $46,900 more than the consideration Plaintiff received from the April 9, 2005 transaction.

72.   In June 2006 Plaintiff entered into an agreement to "repurchase" for $156,000 with Detra Mosby-Moorman.

73.   Plaintiff thereafter attempted to obtain financing through Defendant Moore, Sr. and Detra Mosby-Moorman in order to pay the money requested to regain title to her property.

74.   Plaintiff submitted paperwork and financial documents to Defendants Moore, Sr. and Detra Mosby-Moorman, but has been repeatedly told that the loans she has applied for were not approved.

75.   At some point after 2006 Plaintiff understood that the price for her to reacquire the property was lowered to $143,000.

76.   On or around May 17, 2007, Detra Mosby-Moorman presented Plaintiff with a written lease at the rate of $1,300 per month.

77.   The lease was to commence on May 17, 2007 and terminate on August 31, 2007.

78.   On September 1, 2007, the lease became a month-to-month agreement.

79.   Plaintiff continues to "rent" the Property from Detra Mosby-Moorman at the rate of $1,300 per month.

80.   The average rental rate for comparable property in Fluvanna County is significantly less than $1,300 per month.

81.   Plaintiff continued to pay the inflated rate of $1,300 because she believed it was the only way to retain her right to regain full title to the Property.

82. On August 19, 2007 Defendant Nicholas McLeod pled guilty to charges related to an equity-skimming scam for taking equity from homeowners in Virginia and Maryland through transactions similar to the transactions at issue in this action.

83. On January 10, 2008, Defendant McLeod was sentenced to six years in Maryland state prison after pleading guilty to felony theft and embezzlement.

84. Detra Mosby-Moorman, Defendant McLeod of Defendant United Consultant Firm, LLC, Defendant Moore, Sr. of Defendant Moore Investment Group Corporation, and Defendant Certified Title and Escrow, Inc. were actively involved in the transactions associated with Plaintiff's property and profited from the scam, causing Plaintiff to lose all equity in, and title to, her home.

85. WMC Mortgage Corporation provided the necessary financing for the scam.

86. On information and belief, WMC Mortgage Corporation assigned its interest in the loans secured by Plaintiff's home to Wells-Fargo Bank, N.A.

87. On March 14, 2008, Detra Mosby-Moorman filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

88. On information and belief, Detra Mosby-Moorman did not use Plaintiff's $1,300 monthly payments to pay the mortgage as intended by the original contract and Debt Free Program.

89. Wells Fargo Bank, N.A. has filed a motion in Detra Mosby-Moorman's bankruptcy proceeding seeking relief from the automatic stay provisions of the bankruptcy code in order to sell Plaintiff's home at a foreclosure auction.

90. Plaintiff has suffered financial loss and extreme emotional distress as a result of the transaction which is the subject of this action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## RACKETEERING AND CORRUPT ORGANIZATIONS ACT

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

91.    This count sets forth a claim for damages by the Plaintiff against all Defendants for violations of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq.

92.    The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 90 above.

93.    Defendants acted in concert against Plaintiff to unlawfully defraud and deprive her of her home and equity under the false pretense of providing her with a refinanced loan secured by her home.

94.    Defendant McLeod, personally and through his company Defendant United Consultant Firm, LLC, led an enterprise designed to strip desperate owners of their title and equity and has pled guilty in Maryland to a pattern of equity stripping scams committed after the enactment of RICO and within 10 years of his offenses against Plaintiff.

95.    Defendants McLeod and United Consultant Firm, LLC transmitted or caused to be transmitted the Residential Contract of Sale and the Debt Free Program contract between Detra Mosby-Moorman and Plaintiff by fax from Maryland to Defendants Moore, Sr. and Moore Financial Group Corporation in Virginia on or about February 10, 2005, which Defendants Moore, Sr. and Moore Financial Group then forwarded to Plaintiff by fax  in furtherance of the scheme to defraud Plaintiff of her home and equity, in violation of 18 U.S.C. § 1343.

96.     In furtherance of the scheme to defraud Plaintiff, Defendant Certified Title and Escrow, Inc. utilized wire transfer technology in order to send and receive cash from the escrow account related to the closing of the fraudulent transaction involving Plaintiff's house.

97.     Through the documents sent to her by Defendants via fax, Plaintiff justifiably relied upon representations made by Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., Moore Financial Group Corporation, and Detra Mosby-Moorman about the transaction's nature as that of a loan rather than a sale.

98.     Plaintiff was damaged by her reliance on the representations by the Defendants that she would be allowed to refinance her home and would retain ownership of the home.  The fraudulent transaction involving Plaintiff's home was one of at least nine other similar transactions in a scheme led by Defendants McLeod and United Consultant Firm, LLC involving theft of equity and title from homeowners utilizing the same or similar tactics used to defraud Plaintiff in the transaction that is the subject matter of this suit.

99.     As a result of the Defendants' violations of RICO as set forth in this count, Plaintiff has suffered substantial damages and is entitled to an award against the Defendants, jointly and severally, of treble damages plus costs and attorneys fees, as set forth in RICO, 19 U.S.C. § 1964(c).

## SECOND CAUSE OF ACTION

## CREDIT REPAIR ORGANIZATIONS ACT

### (BY PLAINTIFF AGAINST DEFENDANTS McLEOD, UNITED CONSULTANT FIRM, LLC, MOORE, SR., and MOORE INVESTMENT GROUP CORPORATION)

100.  This count sets forth a claim for declaratory relief and damages by the Plaintiff against Defendant McLeod, Defendant United Consultant Firm, LLC, Defendant Moore, Sr., and

14

Defendant Moore Investment Group Corporation for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, et seq.

101.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 99 above.

102.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation offered credit repair services to Plaintiff through their Debt Free Program.

103.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation are credit repair organizations as defined by the CROA, 15 U.S.C. § 1679a.

104.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation made untrue and misleading representations to the Plaintiff regarding their credit repair services, in violation of the CROA, 15 U.S.C. § 1679b(a)(3).

105.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation engaged, directly or indirectly, in a transaction that constituted and resulted in the commission of a fraud on Plaintiff, and which deceived Plaintiff in connection with the offer and sale of services of a credit repair organization in violation of the CROA, 15 U.S.C. § 1679b(a)(4).

106.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation failed to provide the Plaintiff with a separate written disclosure statement describing the Plaintiff's rights before entering into the contract or agreement for credit repair services, in violation of the CROA, 15 U.S.C. § 1679c(a).

107. Defendants McLeod and United Consultant Firm, LLC failed to proved Plaintiff with a written contract including the terms and conditions of payment, the total amount of all payments to be made by Plaintiff to Defendants McLeod and United Consultant Firm, LLC or any other person, a full description of the services to be performed, and a conspicuous statement regarding Plaintiff's right to cancel the contract by the 3rd business day, in violation of the CROA 15 U.S.C. § 1679d.

108. As a result of the violations of the CROA as set forth above, the contract entered into between the Plaintiff and Defendants McLeod and United Consultant Firm, LLC is void, and all transactions associated with the void Debt Free Program contract should be declared null and void as well.

109. As a result of McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation's violations of the CROA as set forth above, Plaintiff has suffered substantial damages and is entitled to an award against the Defendants named in this count, jointly and severally, of those damages, punitive damages, and costs and attorneys fees, as set forth in the CROA, 15 U.S.C. § 1679g.

## THIRD CAUSE OF ACTION

## VIRGINIA CONSUMER PROTECTION ACT

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

110. This count sets forth a claim for damages by the Plaintiff against all Defendants for violations of the Virginia Consumer Protection Act ("VCPA"), Va. Code §§ 59.1-196, et seq.

111. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 109 above.

112.  Defendants are suppliers providing goods or services under Va. Code § 59.1-198 and § 59.1-200.

113.  Defendants individually, and in concert, willfully violated the VCPA by, *inter alia*, using deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction, in misrepresenting the nature of the agreement to the Plaintiff as a loan rather than a purchase agreement, and fraudulently stripping Plaintiff of all the equity in her home, in violation of the VCPA, Va. Code § 59.1-200(A)(13).

114.  Defendants actively concealed the nature of the transaction by refusing to provide copies of the documents signed April 9, 2005.

115.  Detra Mosby-Moorman concealed her intent to evict Plaintiff from the property until she filed the Summons for Unlawful Detainer on May 1, 2006.

116.  Because of Defendants' active concealment of the documents related to the April 9, 2005 transaction and Detra Mosby-Moorman's concealment of their intent to displace Plaintiff from her home, Plaintiff did not become aware that she would not be allowed to refinance her home and that Detra Mosby-Moorman's intent was to evict her from the property until she received the Summons for Unlawful Detainer sometime on or around May 1, 2006.

117.  As a result of willful violations of the VCPA by the Defendants as set forth above, Plaintiff has suffered substantial damages and is entitled to an award against the Defendants, jointly and severally, of the greater of treble her actual damages or $1,000, and costs and attorneys fees, as set forth in the VCPA, Va. Code § 59.1-204.

## FOURTH CAUSE OF ACTION

## CREDIT SERVICES BUSINESS ACT

### (BY PLAINTIFF AGAINST DEFENDANTS MCLEOD, UNITED CONSULTANT FIRM, LLC, MOORE, SR., and MOORE INVESTMENT GROUP CORPORATION ONLY)

118.  This count sets forth a claim for declaratory relief and damages by Plaintiff against Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Investment Group Corporation for violations of the Credit Services Businesses Act ("CSBA"), Va. Code §§ 59.1-335.1, et seq.

119.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 117 above.

120.  The Defendants named in the count operated a credit services business within the meaning of the CSBA, Va. Code § 59.1-335.2.

121.  The Defendants named in this count violated the CSBA, Va. Code § 59.1-335.5(4), by engaging directly in misleading representations of the Debt Free Program in their offer of services.  Defendants misleading representations operated as a fraud and deception upon the Plaintiff to induce her to transfer title of her home to Detra Mosby-Moorman, thereby enabling Defendants to steal the equity in Plaintiff's home.

122.  The Defendants named in this count willfully violated the CSBA, Va. Code § 59.1-335.5, by charging or receiving money prior to full performance of the services offered, including improving Plaintiff's credit rating over a period of 12 months and helping her refinance her home.

123.  The Defendants named in this count willfully violated the CSBA by failing to provide an information statement giving a description of services, fees, and the consumer's right to cancellation as required by Va. Code § 59.1-335.6, § 59.1-335.7, and § 59.1-335.8.

124.  As a result of Defendants' willful misrepresentations regarding repairing Plaintiff's credit and her ability to refinance after 12 months, Plaintiff did not discover Defendants' misrepresentations until May of 2006 when she was served with eviction papers rather than being allowed to refinance the property.

125.  As a result of the violations of the CSBA as set forth above, the contract entered into between the Plaintiff and Defendants McLeod and United Consultant Firm, LLC is void, and all transactions associated with the void Debt Free Program contract should be declared null and void as well, pursuant to Va. Code § 59.1-335.9.

126.  As a result of Defendants' violations of the CSBA as set forth above, Plaintiff has suffered substantial damages and is entitled to an award against the Defendants named in this count, jointly and severally, of those damages and punitive damages, as set forth in the CSBA, Va. Code § 59.1-355.10(A).

## FIFTH CAUSE OF ACTION

### FRAUD, INTENTIONAL MISPREPRESENTATION AND DECEIT

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

127.  This count sets forth a claim for damages by Plaintiff against all Defendants for common law fraud.

128.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 126 above.

19

129. Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation intentionally and knowingly misrepresented the transaction to Plaintiff by presenting it as an innovative refinancing opportunity that would allow Plaintiff to pay off her various consumer debts, retain title to her home, repair her credit, live in her home without mortgage payments for one year, and refinance the mortgage after one year. These misrepresentations were willful and material.

130. Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation, fraudulently promised to grant the Plaintiff the opportunity to refinance the loan as was agreed in Stipulation 1 of the Debt Free Program portion of the Residential Contract of Sale. Upon information and belief, it was never said Defendants' intention to allow the Plaintiff to refinance the property. This misrepresentation was willful and material.

131. Defendants Moore, Moore Financial Group Corporation, McLeod, United Consultant Firm, LLC, and Certified Title and Escrow, Inc. actively and fraudulently concealed the true nature of the transaction by failing and refusing to provide Plaintiff with copies of the documents she signed at the closing on April 9, 2005 or at any time thereafter, despite Plaintiff's requests by phone and letter in May of 2005.

132. Detra Mosby-Moorman fraudulently promised to remain on the title along with Plaintiff for only a period of 12 months, after which time Plaintiff would be allowed to refinance and Detra Mosby-Moorman would "come off" the title. Instead, Detra Mosby-Moorman acquired fee simple title to the property as sole owner, and attempted to evict Plaintiff in May of 2006 rather than allowing her to refinance and reacquire the property.

133.  Detra Mosby-Moorman concealed from Plaintiff her intention to evict Plaintiff at the end of the 12-month period rather than allowing her an opportunity to refinance.

134.  Defendants' misrepresentations prevented Plaintiff from discovering the injury until May of 2006 when she was served with eviction papers.

135.  Plaintiff reasonably and justifiably relied on Defendants' fraudulent misrepresentations.

136.  Plaintiff was harmed by her reliance on the willful misrepresentations and fraudulent acts of the Defendants, and is entitled to an award against the Defendants, jointly and severally, of actual and punitive damages.

## SIXTH CAUSE OF ACTION

### CONSPIRACY

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

137.  This count sets forth a claim for damages by Plaintiff against all Defendants for common law conspiracy to commit fraud.

138.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 136 above.

139.  Defendants created a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the Plaintiff.

140.  This count re-alleges and incorporates by reference the elements of fraud alleged in Count Five of this Complaint.

21

141.  Defendants conspired to commit fraud, misrepresentation and deceit by combining their actions to unlawfully perpetrate a predatory scheme to cause Plaintiff to transfer title of her home to Detra Mosby-Moorman, thereby enabling Defendants to strip the equity in Plaintiff's home.

142.  Defendants' combined actions have harmed the Plaintiff and Plaintiff has suffered substantial damages as a direct result of Defendants' actions in furtherance of the conspiracy.

## SEVENTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

143.  This count sets forth a claim for damages by the Plaintiff against all Defendants for violations of their fiduciary duties to Plaintiff.

144.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 142 above.

145.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation owed fiduciary duties to the Plaintiff arising from said Defendants' actions as brokers for Plaintiff in the transaction giving rise to this action and/or the loan of money and the provision of credit counseling.

146.  Defendant Certified Title and Escrow, Inc. owed Plaintiff a fiduciary duty to apply the proceeds of the transaction lawfully in good faith to the benefit of the Plaintiff.

147.  The Defendants named in this count owed a fiduciary duty to the Plaintiff and/or performed tortious acts in concert with those who owed Plaintiff a fiduciary duty.

148.  Plaintiff relied on the knowledge, skills, experience, recommendations and direction of Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation, in order to make a decision on refinancing her home.

149.  Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation violated their fiduciary duty by making false statements of material facts to Plaintiff that the transaction was a refinance and not a sale, that Plaintiff would remain on the title of her home, and that she would have the opportunity to refinance again 12 months after the initial transaction.

150.  Defendant Certified Title and Escrow, Inc. violated fiduciary duties owed to the Plaintiff by concealing the amount of money escrowed in the transaction, by converting the Plaintiff's money to the use of Certified Title and Escrow, Inc. or that of the other Defendants, and by acting to further the interests of Defendants rather than the Plaintiff's, to the disadvantage of the Plaintiff.

151.  Defendants engaged in self-dealing by fraudulently transferring the Plaintiff's money, real estate title, and equity to themselves and/or their affiliates.

152.  Defendants breached their fiduciary duties and obligations owed to the Plaintiff intentionally, maliciously, fraudulently, and with a conscious disregard for the rights and likelihood of economic injury to the Plaintiff, and acted at all times to further their own economic interest at the expense of the Plaintiff.

153.  As a direct and proximate result of the Defendants' breach of their fiduciary duties, the Plaintiff was damaged.

## EIGHTH CAUSE OF ACTION

## CONVERSION

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

154.  This count sets forth a claim for damages by the Plaintiff against all Defendants based on said Defendants' unlawful conversion of Plaintiff's property.

155.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 152 above.

156.  Plaintiff owned and had a right to possession of her home and equity.

157.  Plaintiff's title to the home and equity therein were intentionally taken by Detra Mosby-Moorman and intentionally converted to her use without the agreement of the Plaintiff and with the substantial assistance of the Defendants named in this count, and without consent, permission, justification or adequate consideration, constituting an unlawful conversion of the Plaintiff's equity, residential property, money, and title.

158.  Defendants intentionally converted to their use the cash value of Plaintiff's remaining equity totaling approximately $27,900, after subtracting the consideration she received in the transaction.

159.  As a result of wrongful conversion of Plaintiff's title and equity by Defendants, Plaintiff has suffered damages and is entitled to an award against the Defendants, jointly and severally, of those damages and punitive damages arising from Defendants' willful conduct.

## NINTH CAUSE OF ACTION

## UNJUST ENRICHMENT

## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

160.  This count sets forth a claim for equitable relief and damages by the Plaintiff against all Defendants for unjust enrichment.

161.  The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 158 above.

162.  Defendants enjoyed a benefit conferred upon them by Plaintiff in the form of the cash value of equity in her home.

163.  Defendants were unjustly enriched at the expense of the Plaintiff when they knowingly accepted the fraudulent benefit of the aforesaid cash value of the equity in her home.

164.  Plaintiff is entitled to equitable relief and damages as a result of the unjust enrichment of Defendants at Plaintiffs' expense, including constructive trust imposed to return to Plaintiff title to her property, and damages in the amount of equity unjustly retained by said Defendants.


## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court enter an order:

1.  Assuming jurisdiction of this case, including assuming jurisdiction of the state law claims asserted herein;

2.  Finding that Defendants, jointly and severally, violated RICO, and awarding Plaintiff treble damages pursuant to RICO, 19 U.S.C. § 1964(c);

3.   Declaring the contract entered into between the Plaintiff and Defendants McLeod and United Consultant Firm, LLC void, declaring all transactions associated with the void Debt Free Program contract null and void, and awarding actual damages and punitive damages pursuant to CROA, 15 U.S.C. § 1679g, against Defendants McLeod, United Consultant Firm, LLC, Moore, Sr., and Moore Financial Group Corporation, jointly and severally;

4.   Finding that Defendants, jointly and severally, willfully violated the VCPA and awarding the greater of treble actual damages or $1,000, and awarding $500 or actual damages, whichever is greater, for each non-willful violation of the VCPA, pursuant to Va. Code § 59.1-204;

5.   Finding that Defendants McLeod and United Consultant Firm, LLC, jointly and severally, willfully violated the CSBA, declaring the contract entered into between the Plaintiff and Defendants McLeod and United Consultant Firm, LLC void, declaring all transactions associated with the void Debt Free Program contract null and void, and awarding actual damages and punitive damages pursuant to the CSBA, Va. Code § 59.1-355.10(A);

6.   Finding the transactions between Plaintiff and Defendants involving Plaintiff's house to be fraudulent, and awarding actual and punitive damages against the Defendants, jointly and severally;

7.   Finding that the Defendants conspired to defraud Plaintiff, and awarding actual and punitive damages against the Defendants, jointly and severally;

8.   Finding that the Defendants breached their fiduciary duties to Plaintiff and awarding damages against the Defendants, jointly and severally;

9.   Finding that the Defendants wrongfully converted property belonging to Plaintiff, and awarding damages incurred, as well as punitive damages against the Defendants, jointly and severally;

26

10. Awarding damages, jointly and severally, as a result of the unjust enrichment of the Defendants, in the amount of equity unjustly retained by the Defendants;

11. Awarding Plaintiff her costs, expenses, and reasonable attorney's fees pursuant to RICO, CROA, and the VCPA; and

12. Award the Plaintiff such other relief as the court deems appropriate.


**TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE**


Respectfully submitted this 8th day of April, 2008,
Ereina Kindred
By Counsel

Alex R. Gulotta  VSB 37097
alex@justice4all.org
Brenda Castañeda VSB 72809
brenda@justice4all.org
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
(434) 977-0553
(434) 977-0558 (Fax)